# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

| | |
|---|---|
| **JOHN DAVID FRIEND,** | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action Nos. 1:22-00301 |
| | ) |
| **CIRCUIT COURT OF MCDOWELL** | ) |
| **COUNTY, W.V.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees or Costs (Document No. 5), filed on August 3, 2022. Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

## FACTUAL BACKGROUND

On July 22, 2022, Plaintiff, acting *pro se*, filed his Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document No. 1.) In his Complaint, Plaintiff names the following as Defendants: (1) Circuit Court of McDowell County, W.V.; (2) Ed Kornish,[2] Judge; (3) Floyd Anderson, Attorney at Law; and (4) State of West Virginia. (Id.) Plaintiff alleges that his constitutional rights are being violated during criminal proceedings in McDowell County, West

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The undersigned notes that Plaintiff included an incorrect spelling of Judge Ed Kornish's name. The correct spelling is "Kornish" instead of "Cornish." Accordingly, the Clerk is **DIRECTED** to modify the Docket Sheet to reflect "Ed Kornish, Judge" as the proper Defendant herein and **TERMINATE** "Ed Cornish, Judge."

Virginia. (Id.) Plaintiff indicates that he pled guilty to obstructing an officer and battery in exchange for the State dismissing the felony charge of breaking without entering and three misdemeanor charges (false reporting of an emergency, resisting arrest, and failure to be fingerprinted). (Id.) Plaintiff alleges that Defendants subjected him to a false arrest, false imprisonment, and double jeopardy. (Id.) Plaintiff claims that Defendant Anderson misrepresented him and accepted a bribe, which "lead to double jeopardy in [his] case." (Id.) As relief, Plaintiff requests that the charges against him be "dismissed without being brought back up." (Id.)

On July 25, 2022, Plaintiff filed a letter in support of his Complaint again alleging that Attorney Anderson took a bribe. (Document No. 4.) On August 3, 2022, Plaintiff filed a second letter in support of his Complaint alleging that he had pled guilty to breaking without entering and he signed extradition papers. (Document No. 6.) Therefore, Plaintiff states that "they got to let me go." (Id.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint,

therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42

U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

1.  **Improper Party:**

As stated above, to state and prevail upon a claim under Section 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. In Monell, the Supreme Court recognized that municipalities and municipal officials sued in an official capacity are suitable "persons" for such purposes. Monell, 436 U.S. at 690, 98 S.Ct. at 2035. The Supreme Court, however, later clarified that states, state agencies, or state officials sued in their official capacities cannot be sued for damages under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989)(suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Westinghouse Elec. Corp. v. West Virginia Dept. of Highways, 845 F.2d 468, 470 (4th Cir.), cert. denied, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988); but also see Monell v. Dept. of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)(Municipalities are "persons" subject to suit under Section 1983); Gilco v. Logan County Commission, 2012 WL 3580056, * 6 (S.D.W.Va. Aug. 17, 2012)(J. Copenhaver)("Municipalities,

such as the County Commission, are 'persons' subject to suit under section 1983.") Accordingly, the undersigned finds that the State of West Virginia and the Circuit Court of McDowell County must be dismissed because they are not "persons" as required by Section 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983); Redman v. Jackson County Magistrate Court, 2011 WL 6372339 (S.D.W.Va. Dec. 20, 2011)(J. Johnston)(finding that "Plaintiff cannot state a claim against the Jackson County Magistrate Court because that party is not a 'person' subject to liability under § 1983"); Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983); Webb v. Parsons, 2011 WL 2076419 (S.D.W.Va. May 6, 2011)(finding that the West Virginia Regional Jail Authority, an agency of the State of West Virginia, is immune from suit under the Eleventh Amendment).

**2. Judicial Immunity:**

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in Bradley v. Fisher, 80 U.S. 335, __ S.Ct. ___, 20 L.Ed. 646 (1872)." Imbler v. Patchman, 424 U.S. 409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." Jackson v. Houck, 181 Fed. App'x 372, 372 (4th Cir. 2006) (quoting Mireles v. Waco, 502 U.S. 9, 12-13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the

benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id. (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted). Based upon the allegations contained in the Complaint, the undersigned finds that the Judge Kornish is absolutely immune from suit. Plaintiff appears to argue that Judge Kornish allowed his constitutional rights to be violated during his criminal proceedings. As stated above, judges have absolute immunity for their judicial acts even when the judge is accused of acting maliciously and corruptly. Therefore, the undersigned respectfully recommends that Plaintiff's claim be dismissed.

3.     **Attorney Anderson:**

Plaintiff appears to allege that Attorney Anderson violated his constitutional rights by providing ineffective assistance of counsel. As stated above, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. The Court finds that Attorney Anderson is not a "state actor." It is well established that an attorney does not act under the color of state law when retained or court-appointed. Vermont v. Brillon, 556 U.S. 81, 129 S.Ct. 1283, 1291, 173 L.Ed.2d 231 (2009)("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); Polk County v. Dodson, 454 U.S. 312, 3325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(state-appointed counsel is not acting under color of state law), cert denied, 454 U.S. 1141, 102 S.Ct. 99, 71 L.Ed.2d 293 (1982); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)("A private attorney who is retained to represent a criminal defendant is not acting under

color of state law, and therefore is not amenable to suit under § 1983."); Allen v. Campbell, 2019 WL 6936729, * 3 (M.D.N.C. Dec. 19, 2019)(finding that the Public Defender's Office, and those attorneys employed as public defenders, are not state actors); Pretty v. Campbell, 2019 WL 4720983, * 4 (E.D.Va. Sept. 26, 2019)(finding that "[p]rivate attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings"); Kirk v. Curran, 2009 WL 2423971, * 1 (W.D.N.C. Aug. 4, 2009)("neither public defenders nor private criminal attorneys are 'state actors' under 1983"), aff'd, 357 Fed.Appx. 529 (4th Cir. 2009); Curry v. South Carolina, 518 F.Supp.2d 661 (D.S.C. June 20, 2007)(finding that the neither the public defender nor the public defender's office are state actors). Based on the foregoing, the undersigned finds that Plaintiff cannot pursue a Section 1983 claim against Attorney Anderson.[3]

---

[3] The Clerk is **DIRECTED** to mail Plaintiff a form Section 2241 Petition. Based upon the allegations contained in Plaintiff's Complaint, it is possible Plaintiff may wish to pursue his claims via *habeas corpus* proceedings. Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). According to the West Virginia Regional Jail and Correctional Facility Authority's website, Plaintiff is a pretrial detainee. State and Federal Court pretrial detainees may properly resort to Section 2241 for relief. *Davis v. South Carolina*, 2008 WL 154126 (D.S.C. Jan. 14, 2008)("[P]etitions for federal habeas corpus relief by pretrial detainees can be brought under 28 U.S.C. § 2241 . . ..") Pretrial detainees requesting *habeas* relief in Federal Court must demonstrate "special circumstances." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973)("[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."); *Jones v. Perkins*, 245 U.S. 390, 381, 38 S.Ct. 166, 62 L.Ed. 358 (1918)("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Dickerson v. Louisiana*, 816 F.2d 220, 224 - 226 (5th Cir. 1987); *Moore v. DeYoung*, 515 F.2d 437, 443 (3rd Cir. 1975)("[J]urisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present.") Pretrial detainees allege special or extraordinary circumstances when the circumstances impact a constitutional right, *habeas* relief would not result in dismissal of the pending criminal proceedings and the pretrial detainee has exhausted all remedies prior to seeking *habeas* relief. *Braden*, 410 U.S. at 489 - 490, 93 S.Ct. at 1126 - 1127; *Dickerson*, 816 F.2d at 225 - 226. Obviously, the circumstances under which pretrial detainees might make a viable claim for *habeas* relief are extremely limited. Thus, though District Courts can consider pretrial detainees' petitions under Section 2241, they rarely, if ever, do so finding that (1) they should abstain from exercising jurisdiction and/or (2) they do not have jurisdiction because petitioners have not exhausted State and Federal Court remedies. *See Lucas v. Francis*, 2015 WL 9899362, * 4 (S.D.W.Va. Dec. 28, 2015); *Chaparro v. Reardon*, 2014 WL 4662233 (D.N.J. Sept. 18, 2014); *Elkins v. United States*, 2012 WL 1016066 (W.D.Va. March 23, 2012)("[C]ourts routinely dismiss as premature habeas petitions filed during the defendant's criminal trial and raising claims that should be addressed as part of the criminal proceedings."); *Mitchell v. Harry*, 2013 WL 6283691 (M.D. Pa. Dec. 3, 2013); *Smith v. PA State Attorney General*, 2011 WL 6012976 (M.D.Pa. Nov. 3, 2011); *Davis v. South Carolina*, 2008 WL 154126 (D.S.C. Jan. 14, 2008); *Clark v. Anderson*, 2001 WL 1631538 (N.D. Tex. Dec. 14, 2001); *Moore v. United States*, 875 F.Supp. 620 (D.Neb. 1994).

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees or Costs (Document No. 5), **DISMISS** Plaintiff's Complaint (Document No. 1) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation and to Plaintiff, who is acting *pro se.*

Date: August 22, 2022.



Omar J. Aboulhosn
United States Magistrate Judge